### SPEIR *v.* CITY OF BROOKLYN.

(*City Court of Brooklyn, General Term.* July 6, 1892.)

MUNICIPAL CORPORATIONS—LICENSED FIREWORKS—LIABILITY FOR DAMAGES.

A display of fireworks at a street corner, authorized by license issued from the mayor's office in pursuance of a city ordinance, is nevertheless a nuisance, and the city is liable for damages to private property caused thereby. 18 N. Y. Supp 170, affirmed.

Appeal from trial term.

Action by S. Fleet Speir against the city of Brooklyn. From a judgment for plaintiff, defendant appeals. Affirmed.

For report of decision at special term, see 18 N. Y. Supp. 170.

Argued before VAN WYCK and OSBORNE, JJ.

*Wm. C. De Witt*, for plaintiff. *Almet F. Jenks*, for defendant.

OSBORNE, J. On and prior to the 1st day of November, 1887, plaintiff owned and occupied a dwelling house on the southerly side of Montague street, three doors west of Clinton street. On the evening of that day there was a political mass meeting held at the Academy of Music, near by, and a pyrotechnic display was given at the corner of Clinton and Montague streets. During such display a rocket was discharged in such a manner that, while burning, it entered an attic window of plaintiff's house, setting fire to it, and doing considerable damage. It appeared in evidence that this pyrotechnic display was given under a permit or license issued from the mayor's office, under chapter 3, art. 4, § 2, of the city ordinances. On the trial, plaintiff obtained judgment against the defendant for the damages sustained by him, and this case comes before us on appeal from said judgment. We think this judgment should be affirmed, and, in stating our reasons for arriving at this conclusion, there is very little left for us to add to the opinion handed down by the learned trial judge, which seems to us to be amply fortified by the authorities cited by him. 18 N. Y. Supp. 170. It seems to us to be well settled that the discharge of fireworks on a public street in a city is a nuisance *per se*. When the mayor, as the chief executive officer of the city, by virtue of the power conferred upon him by the ordinance above referred to, undertook to grant permission for and to authorize this pyrotechnic display in the public streets, it seems to us clear that the city became a partner in the maintenance and committing of the nuisance. In the absence of this permit, it would have been the duty of the police authorities, under the charter, to have stopped this display of fireworks; but for a failure to perform their duty in this regard the city would not have been liable. But when the city undertook to authorize and permit this display, which, as before stated, constituted a nuisance *per se*, and which, it is fair to assume, would not have taken place in the absence of the license from the mayor, then we think the city made itself liable

for the results of the nuisance which it assisted in creating. It seems to us that the case of *Cohen* v. *Mayor*, etc., 113 N. Y. 532, 21 N. E. Rep. 700, is ample support for the conclusions on which this judgment is based. It is true that, in that case, there was no authority on the part of the city to permit an incumbrance in the street, and, in addition, the city received a fee for licensing such incumbrance. We are of the opinion that, even with these two points not existing in this case, the propositions of law laid down in the *Cohen Case* are equally applicable here. We have given very careful attention to the numerous authorities cited by the learned counsel for the appellant, but, without analyzing them separately, it is sufficient for us to say that there is such a distinction between each of them and the case at bar as to make the law laid down in those cases not applicable to the one now before us. Under the charter, an active duty was impressed upon the city authorities to keep the streets free from obstructions, let alone nuisances. One of the very purposes for which a citizen pays taxes is to promote the preservation of his property. True, the city does not warrant that, but it ought not, by its affirmative act, to suffer or permit, or connive at the performance of, an act the effect of which is not alone to put in peril the taxpayer's property, but also, as in this instance, to occasion serious damage thereto. The performance of no municipal duty, or anything approaching it, was involved in the discharge of these fireworks on the night in question. Plaintiff has suffered this serious damage through no fault of his own, but only through the co-operation of the municipal authorities to whom he had a right to look for protection, and we can see no reason why the city should escape the consequences of its permitting these fireworks to be discharged, causing the damage of which plaintiff complains.

Judgment must be affirmed, with costs.